PER CURIAM.
In the course of this litigation the developer made an offer of a moratorium on the escalation of rentals under the recreation lease which was incorporated into the final judgment. However, the final judgment inadvertently limited the benefits of the moratorium to the original purchasers and those owning the apartments on November 1, 1975, when the record reflects that offer was intended to include original purchasers and those owning apartments on the day of the offer, which was September 6, 1979. Accordingly, the two paragraphs of the final judgment which recite the moratorium are hereby amended to read as follows:
It is further ORDERED, ADJUDGED and DECREED by the Court that the offer submitted to the Court on September 6, 1979, by the Defendant/Counter-Plaintiff is hereby accepted and on the basis of this offer, it is ORDERED, ADJUDGED and DECREED that those original purchasers and owners who are bound under the Lease on the date of the offer shall receive a moratorium on any increases in the ground rent from November 1, 1975. That is, a ten (10) year period shall be computed from November 1,1975 and during this period the acceleration clauses in the recreation lease are not enforceable.
It is further ORDERED, ADJUDGED and DECREED that the formula provided in the Lease for increasing the ground rent will not commence to act under the five (5) year increment period until five (5) years have expired from the ten (10) year period. Consequently, the first ground rent increases that will be permitted will be fifteen (15) years from November 1, 1975. The protection offered by the Defendant/Counter-Plaintiff, *1067 would not apply to any persons who were subsequent purchasers after September 6, 1979, only the original purchasers or those persons owning the apartments on September 6, 1979. Any subsequent resale would be subject to the Lease as it exists. This protection offered by the Defendant/Counter-Plaintiff does not run with the land, but does apply to the current occupancies and transfers by operation of law. At such time as the fifteen (15) years expires, the base date in the Lease has been determined to be and is hereby established as 1971, the date of the Lease. All future increases, when effective, shall be computed from that base date.
As amended, the judgment is AFFIRMED.
GRIMES, Acting C. J., and DANAHY and CAMPBELL, JJ., concur.